# OIN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OLYMPIC COMMITTEE,<br><br>Plaintiff,<br><br>v.<br><br>TOBYHANNA CAMP CORPORATION d/b/a CAMP OLYMPIK, et al.,<br><br>Defendants. | CIVIL ACTION NO. 3:10-CV-162<br><br>(JUDGE CAPUTO) |

## **MEMORANDUM**

The Court previously granted in part a default motion in this matter and directed the USOC to submit evidence as to its fees and costs. The USOC has done so. The evidence is complete and detailed. Thus, the motion for attorney fees and costs will be granted in the amount requested.

### A. Costs

The USOC has submitted detailed affidavits and billing statements that describe their costs as totaling $753.70. Each of these costs is allowable and the USOC will recover them.

### B. Attorney Fees

Under the Lanham Act, the court, "in exceptional cases," may award "reasonable attorney fees" to the prevailing party. 15 U.S.C. § 1117(a). In its prior opinion, the Court held that this case was an "exceptional" one under the Lanham Act and directed the USOC to submit evidence of its fees. The USOC requests attorney fees in the amount of $11,779.80.

Only "reasonable" attorney fees may be awarded. A reasonable fee is one "adequate to attract competent counsel, but which does not produce windfalls to attorneys." *Public Int. Research Group of N.J. v. Windall*, 52 F.3d 1179, 1185 (3d Cir. 1995). To determine a reasonable fee award, courts use the lodestar method to calculate a presumptively reasonable fee. *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 177 (3d Cir. 2001). This method requires that the court multiply the number of hours reasonably spent on the litigation by the reasonable hourly rate for the work completed. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

Reasonableness is determined based on the record. *Evans v. Port Authority of N.Y. & N.J.*, 273 F.3d 346, 361 (3d Cir. 2001). "The plaintiff bears the burden of producing sufficient evidence of what constitutes a reasonable market rate for the essential character and complexity of the legal services rendered in order to make out a prima facie case." *Smith v. Philadelphia Housing Authority*, 107 F.3d 223, 225 (3d Cir. 1997). Once the plaintiff has made out a prima facie case, the proposed fees may be contested with appropriate record evidence. "In the absence of such evidence, the plaintiff must be awarded attorneys' fees at her requested rate." *Smith*, 107 F.3d at 225 (citing *Washington v. Philadelphia Cnty. Court of Common Pleas*, 89 F.3d 1031, 1036 (3d Cir. 1996); *Bell v. United Princeton Properties, Inc.*, 884 F.2d 713, 720 (3d Cir. 1989)).

The USOC has made out a prima facie case,[1] submitting detailed affidavits and billing

---

[1] There were two sets of affidavits submitted, which for brevity's sake will be called the Thorp Reed (Doc. No. 15) and Howard Rice (Doc. No. 16) documents. The Thorp Reed documents have an inconsistency in the second paragraph. On the declaration in support of attorney fees by Barry L. Cohen, the fees were described initially as totaling $4,154,50. (Cohen Decl, Doc. No. 15 at 1 ¶ 2). Later in the same document, they are described as totaling $4,027 (*Id.* at ¶ 12). The earlier amount is assumed to be an inadvertent error; the latter tally is the one that coincides with the amount on the billing statements and will be used by the Court. This is also true of the request for costs–the amount of $598.37 is the one described in the billing statements

2

statements describing the attorneys' experience, reputation, and rates. Their fees will be awarded in full.

## Conclusion

The USOC has shown that it is entitled to default judgment in the amount it seeks. The Court will grant default judgment in favor of the USOC and against defendant Tobyhanna Camp Corporation in the amount of $12,533.50, consisting of $11,779.80 in attorney fees and $753.70 in costs (Doc. No. 10.). An appropriate order follows.

December 13, 2010  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge

---

and will be applied. As for the Howard Rice statements, the fees reflected in the statements total more than the amounts requested. Howard Rice gave discounts for early payment, so the USOC will recover the amount paid out.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OLYMPIC COMMITTEE, a federally chartered corporation, | NO. 3:10-CV-162 |
| Plaintiff, | |
| v. | (JUDGE CAPUTO) |
| TOBYHANNA CAMP CORPORATION d/b/a CAMP OLYMPIK, et al., | |
| Defendants. | |

## ORDER

**NOW**, this 13th day of December, 2010, **IT IS HEREBY ORDERED** that default judgment **IS ENTERED** in favor of the USOC and against defendant Tobyhanna Camp Corporation in the amount of $12,533.50, which consists of $11,779.80 in attorney fees and $753.70 in costs. The clerk of court is directed to mark this case **CLOSED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge